MC88FEAP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                        20 Cr. 218 (ALC)

DARNELL FEAGINS,

            Defendant.         Plea

------------------------------x

                            New York, N.Y.
                            December 8, 2022
                            12:10 p.m.

Before:

                 HON. VALERIE FIGUEREDO,

                            Magistrate Judge

                   APPEARANCES

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
BY:  CECILIA VOGEL
    Assistant United States Attorney

ZMO LAW PLLC
    Attorneys for Defendant
BY:  TESS COHEN

MC88FEAP

| | |
|---|---|
| 1 | (In open court; case called) |
| 2 | THE DEPUTY CLERK:  Government, can you make your |
| 3 | appearance for the record. |
| 4 | MS. VOGEL:  Good afternoon.  Cecilia Vogel for the |
| 5 | government.  I just wanted to apologize for being late. |
| 6 | THE COURT:  No worries.  Good afternoon. |
| 7 | Sorry about the administrative stuff that held us up. |
| 8 | MS. COHEN:  Good afternoon.  Tess Cohen, ZMO Law, for |
| 9 | Mr. Feagins. |
| 10 | THE COURT:  Good afternoon, Ms. Cohen. |
| 11 | Good afternoon, Mr. Feagins. |
| 12 | Mr. Feagins, are you able to speak and understand |
| 13 | English? |
| 14 | THE DEFENDANT:  Yes. |
| 15 | THE COURT:  Mr. Feagins, I have before me a consent to |
| 16 | proceed before a United States magistrate judge on a felony |
| 17 | plea allocution that you have signed.  What this form says is |
| 18 | that you have the right to have your plea taken by a United |
| 19 | States district judge, but you are agreeing to have the plea |
| 20 | taken by a United States magistrate judge, which is what I am. |
| 21 | As a magistrate judge, I have the authority to take your plea |
| 22 | with your consent, and you will be entitled to all of the same |
| 23 | rights and protections as if you were before a district judge. |
| 24 | Among other things, if you are found guilty, you will be |
| 25 | sentenced by a district judge. |

MC88FEAP

1          Did you sign the consent to proceed before a United

2     States magistrate judge voluntarily?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Before you signed the form, did your

5     lawyer explain it to you?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Do you wish to proceed with your plea

8     before a United States magistrate judge?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Your consent is accepted and I am signing

11     the form.

12          Mr. Feagins, the document that contains the charge to

13     which you have indicated you want to plead guilty to is called

14     an information and was issued by the United States attorney.

15          Under the United States Constitution, you have a right

16     to be charged by an indictment, which is issued by a grand

17     jury, instead of by an information like this one.  A grand jury

18     is a group of 23 ordinary citizens that are called to jury

19     service to hear the government's evidence in criminal cases and

20     decide whether the evidence is sufficient to justify bringing

21     you to trial.  In order to return an indictment, at least 12 of

22     the grand jurors must vote for the indictment, finding that

23     there is probable cause to believe that an offense was

24     committed and that you committed it.

25          You have a right to have the charges against you

MC88FEAP

considered by a grand jury and to have the grand jury decide

whether to return an indictment.  If you waive that right, that

is, if you give up your right to have the charges against you

presented to the grand jury, the case will proceed against you

based on the United States attorney's information, just as if

you had been indicted.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  I have a copy of your waiver of indictment

form that you signed.

Did you review this form with your attorney before you

signed it?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that by signing that

form, you are giving up your right to have your case presented

to a grand jury and you are agreeing to permit the charges to

be filed by the United States attorney instead?

THE DEFENDANT:  Yes.

THE COURT:  Have you discussed with your attorney the

advantages and disadvantages of waiving indictment?

THE DEFENDANT:  Yes.

THE COURT:  Have any threats or promises been made,

other than the written plea agreement, between you and the

government to get you to waive indictment?

THE DEFENDANT:  No.

MC88FEAP

1          THE COURT:  Do you wish to give up your right to be

2     charged by a grand jury?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Ms. Cohen, have you reviewed the

5     information with your client?

6          MS. COHEN:  Yes.

7          THE COURT:  Do you waive a detailed reading of the

8     charges for purposes of arraignment?

9          MS. COHEN:  Yes.

10          THE COURT:  Do you wish to enter a plea on your

11     client's behalf to the information?

12          MS. COHEN:  Yes.

13          THE COURT:  What is that plea?

14          MS. COHEN:  Plead guilty.

15          For the arraignment purposes -- I'm sorry.  Not guilty

16     for these purposes.

17          THE COURT:  So for purposes of the arraignment on the

18     information, a plea of not guilty will be entered on behalf of

19     Mr. Feagins, and the record will reflect that Mr. Feagins has

20     been arraigned on the information.

21          We are now going to move on to the plea portion of the

22     proceeding.

23          Mr. Feagins, I have been informed that you wish to

24     change your plea and to enter a plea of guilty as to Count One

25     of the information.  Is that correct?

MC88FEAP

1    THE DEFENDANT:  Yes.

2    THE COURT:  Before deciding whether to accept your

3 guilty plea, I am going to ask you certain questions.  It is

4 very important that you answer these questions honestly and

5 completely.  The purpose of these proceedings is to make sure

6 that you understand your rights, to decide whether you are

7 pleading guilty of your own free will, and to make sure that

8 you are pleading guilty because you are guilty and not for some

9 other reason.

10    Do you understand what I am saying?

11    THE DEFENDANT:  Yes.

12    THE COURT:  If you don't understand any of my

13 questions, or if you want at any time to consult with Ms.

14 Cohen, please say so, because it is important that you

15 understand every question before you answer.

16    Can you please raise your right hand, sir.

17    (Defendant sworn)

18    THE COURT:  Do you understand that you are now under

19 oath, and that if you answer any of my questions falsely, you

20 may be prosecuted for perjury based on any false answers?

21    THE DEFENDANT:  Yes.

22    THE COURT:  Can you please -- you can lower your hand.

23    Can you please state your full name.

24    THE DEFENDANT:  Darnell Feagins.

25    THE COURT:  How old are you?

MC88FEAP

1          THE DEFENDANT:  35.

2          THE COURT:  Are you a United States citizen?

3          THE DEFENDANT:  Yes.

4          THE COURT:  How far did you go in school?

5          THE DEFENDANT:  Tenth grade.

6          THE COURT:  Can you read and write in English?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Are you currently or have you recently

9    been under the care of a doctor, psychiatrist, or psychologist

10   for any reason?

11         THE DEFENDANT:  No.

12         THE COURT:  Do you have any condition that affects

13   your ability to see or hear?

14         THE DEFENDANT:  No.

15         THE COURT:  Any condition that affects your ability to

16   think, understand, or make judgments or decisions on your own

17   behalf?

18         THE DEFENDANT:  No.

19         THE COURT:  In the last 24 hours, have you taken any

20   drugs, medicine or pills that affect your mental processes or

21   consumed any alcohol?

22         THE DEFENDANT:  No.

23         THE COURT:  Is your mind clear today?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Do you understand what is happening in

MC88FEAP

1    this proceeding?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Does either counsel have any objections to

4    Mr. Feagins's competence to plead at this time?

5              MS. VOGEL:  No, your Honor.

6              MS. COHEN:  No, your Honor.

7              THE COURT:  Mr. Feagins, have you received a copy of

8    the information that contains the charges against you?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Have you read it?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Do you want me to read it to you?

13             THE DEFENDANT:  No.

14             THE COURT:  Do you understand what it says you did?

15             THE DEFENDANT:  Yes.

16             THE COURT:  Have you had time to talk to your attorney

17   about these charges and how you wish to plead today?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Has your attorney told you the

20   consequences of pleading guilty?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Are you satisfied with your attorney's

23   representation?

24             THE DEFENDANT:  Yes.

25             THE COURT:  I am now going to explain certain

MC88FEAP

1   constitutional rights that you have.  These are rights that you

2   will be giving up if you enter a guilty plea.  Please listen

3   carefully to what I am about to say and if you do not

4   understand something, stop me, and your attorney or I will

5   explain the issue more fully.

6        Under the Constitution and the laws of the United

7   States, you have a right to plead not guilty to the charges

8   contained in this information.

9        Do you understand that?

10        THE DEFENDANT:  Yes.

11        THE COURT:  And if you plead not guilty, you would be

12   entitled under the Constitution to a speedy and public trial by

13   a jury of those charges.

14        At that trial, you would be presumed innocent and the

15   government would be required to prove you guilty beyond a

16   reasonable doubt before you could be found guilty.  And you

17   could not be convicted unless a jury of 12 people agreed

18   unanimously that you were guilty beyond a reasonable doubt.

19        Do you understand that?

20        THE DEFENDANT:  Yes.

21        THE COURT:  If you decided to go to trial, at that

22   trial, and at every stage of your case, you would have the

23   right to be represented by an attorney, and if you could not

24   afford one, an attorney would be appointed to represent you at

25   the government's expense.  Even if you retained private defense

MC88FEAP

1    counsel, if you ran out of money, an attorney would be

2    appointed to continue to represent you.  You would be entitled

3    to an attorney all the way through trial and not just for the

4    guilty plea.  So your decision to plead guilty should not

5    depend on whether you can afford to hire an attorney.

6              Do you understand that?

7              THE DEFENDANT:  Yes.

8              THE COURT:  During a trial, the witnesses for the

9    prosecution would have to come to court and testify in your

10   presence, where you could see and hear them, and your lawyer

11   could cross-examine those witnesses.  And if you wanted, your

12   lawyer could offer evidence on your behalf.  You would be able

13   to use the court's power to compel witnesses to come to court

14   to testify, even if they did not want to come.

15             Do you understand that?

16             THE DEFENDANT:  Yes.

17             THE COURT:  At a trial, you would have the right to

18   testify in your own defense, if you wanted to, but you would

19   also have the right not to testify, and if you chose not to

20   testify, that could not be used against you in any way.  No

21   inference or suggestion of guilt would be permitted from the

22   fact that you did not testify.

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  If you were convicted at trial, you would

MC88FEAP

1  have the right to appeal that verdict to a higher court.

2           Do you understand that?

3           THE DEFENDANT:  Yes.

4           THE COURT:  As I said before, you have the right to

5  plead not guilty.  Even right now, even as you sit here today

6  for the purposes of entering a guilty plea, you have the right

7  to change your mind, persist in your not guilty plea and go to

8  trial.  But if you do plead guilty, and if the Court accepts

9  your plea, you will give up the right to a trial and all the

10  other rights that go with it that I have just described.  If

11  you plead guilty, there will be no trial.  All that will remain

12  to be done will be to impose a sentence.  You and the

13  government will have a chance to make arguments about what

14  sentence you should receive, but there will not be any further

15  trial to determine whether you are guilty or not guilty of the

16  charges to which you pled guilty.

17           Do you understand that?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Do you understand that the decision as to

20  the appropriate sentence in your case will be entirely up to

21  the sentencing judge, and that the judge will be limited only

22  by what the law requires?  This means that even if you are

23  surprised or disappointed by your sentence, you will still be

24  bound by your guilty plea.

25           Do you understand that?

MC88FEAP

1          THE DEFENDANT:  Yes.

2          THE COURT:  Finally, if you do plead guilty, you are

3    also giving up the right not to incriminate yourself, and I

4    will ask you questions about what you did in order to satisfy

5    myself that you are actually guilty.  By pleading guilty, you

6    will be admitting your factual as well as your legal guilt.

7          Do you understand that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Count One of the information charges that

10   you possessed child pornography, in violation of Title 18,

11   United States Code, Section 2252A.

12         I am going to ask Ms. Vogel to state the elements of

13   that charge.  The elements, Mr. Feagins, are the things that

14   the government would have to prove beyond a reasonable doubt if

15   you went to trial.

16         MS. VOGEL:  Yes, your Honor.

17         First, the government would have to prove that the

18   defendant knowingly possessed any matter that contained an

19   image of child pornography;

20         Second, that such child pornography had been

21   transported at some point in interstate or foreign commerce by

22   any means, including by computer, or that such child

23   pornography had been possessed and using materials that had

24   themselves at some point been mailed or shipped or transported

25   in interstate or foreign commerce by any means, including by a

MC88FEAP

1     computer;

2            Third, that the defendant knew that such items

3     constituted child pornography; and

4            Fourth, that the defendant had a prior conviction

5     relating to aggravated sexual abuse, sexual abuse, or abuse of

6     sexual conduct involving a minor.

7            And that fourth element applies in this case given

8     that Mr. Feagins is charged with an offense that carries a

9     mandatory minimum.

10           In addition, the government would also have to prove

11    by a preponderance of the evidence that venue is proper in the

12    Southern District of New York.

13           THE COURT:  Thank you.

14           Mr. Feagins, I am going to tell you the maximum

15    possible penalty for that crime.  The maximum means the most

16    that could possibly be imposed.  It does not mean that is what

17    you will necessarily receive, but by pleading guilty you are

18    exposing yourself to the possibility of receiving any

19    combination of punishments up to the maximum that I am about to

20    describe.

21           Do you understand that?

22           THE DEFENDANT:  Yes.

23           THE COURT:  The maximum term of imprisonment for the

24    crime charged in Count One is 20 years, which could be followed

25    by up to a maximum term of supervised release of life.  If your

MC88FEAP

1    sentence includes supervised release, you will be subject to

2    supervision by the probation department after you are released

3    from prison.  If you violate any condition of that supervised

4    release, the Court can revoke the term of supervised release

5    previously imposed and return you to prison without giving you

6    any credit for time previously served on post-release

7    supervision.

8              Count One of the information also carries a mandatory

9    minimum sentence of ten years in prison.  A mandatory minimum

10   sentence means that the sentencing judge cannot sentence you to

11   less than that.  It also carries a mandatory minimum term of

12   supervised release of five years.

13             In addition to these restrictions on your liberty, the

14   maximum possible punishment for the crime charged in Count One

15   also includes financial penalties.

16             The maximum allowable fine is $250,000, or twice the

17   profits of the criminal activity, or twice what someone other

18   than yourself lost because of the criminal activity, whichever

19   is greater.

20             You can also be required to pay restitution to any

21   victims of the crime in an amount that the Court decides is

22   required to compensate them for any injuries.

23             And in addition, by pleading guilty, you will admit to

24   the forfeiture allegations in the information and agree to

25   forfeit any property within the scope of Title 18, United

MC88FEAP

States Code, 2253.

I am also required by law to tell you that there is an additional special assessment, or fine, of $100 that is required to be imposed on each count of conviction, plus an additional assessment of $5,000 pursuant to 18, United States Code, 3014.

Mr. Feagins, you told me a few minutes ago that you are a United States citizen.  The reason I asked that question was that if you were not a citizen, your guilty plea would likely have adverse consequences for your ability to remain in or return to the United States, including removal, deportation, denial of citizenship, and denial of admission to the United States in the future.  Your removal or deportation could be mandatory, and if that did happen, you would still be bound by your guilty plea.  You would not be able to withdraw it regardless of any advice you received from your counsel or others regarding the immigration consequences of your plea.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Has anyone threatened or coerced you in any way in an effort to get you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  I understand that there is a written plea agreement between you and the government.  It is contained in a letter dated December 5, 2022, addressed to your attorney,

MC88FEAP

1    which appears to have your signature on the last page.

2              Did you sign the plea agreement?

3              THE DEFENDANT:  Yes.

4              THE COURT:  Did you read it before you signed it?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Did you discuss it with your attorney?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Do you understand its terms?

9              THE DEFENDANT:  Yes.

10             THE COURT:  Has anyone promised you or offered you

11   anything in order to get you to plead guilty other than what is

12   in the agreement?

13             THE DEFENDANT:  No.

14             THE COURT:  Mr. Feagins, do you understand that in

15   this agreement, you have limited your right to appeal from any

16   sentence that may be imposed?  Specifically, do you understand

17   that as long as Judge Carter sentences you to a prison term of

18   no longer than 162 months, any lawful sentence of supervised

19   release, a fine of no greater than $250,000, and a special

20   assessment that is not greater than $5100, you are giving up

21   your right to challenge your sentence, whether by direct

22   appeal, writ of habeas corpus, or otherwise?

23             Do you understand that?

24             THE DEFENDANT:  Yes.

25             THE COURT:  Do you understand that under the terms of

MC88FEAP

this plea agreement, even if you later learn that the

government withheld from your counsel certain information that

would have been helpful to you in defending yourself at trial,

other than information establishing your factual innocence, you

will not be able to complain about that or withdraw your guilty

plea on that basis?

        Do you understand that?

        THE DEFENDANT:  Yes.

        THE COURT:  Do you understand that the terms of this

plea agreement, including any calculations related to

sentencing, are not binding on the sentencing judge?

        Do you understand that?

        THE DEFENDANT:  Yes.

        THE COURT:  The sentencing judge may reject those

calculations and could impose a more severe sentence than you

expect without permitting you to withdraw your plea of guilty.

        The sentencing judge is required to make his own

independent calculation of the appropriate sentencing range

under the sentencing guidelines, and will also have the

discretion to give you a sentence below or above that range, up

to the maximum sentence that I told you about earlier.

        In addition to the guidelines and possible departures

from those guidelines, the sentencing judge will also consider

the factors set forth in 18, United States Code, Section

3553(a).

MC88FEAP

1          In other words, the sentencing judge will pronounce

2     whatever sentence he believes is the appropriate sentence for

3     you, even if that sentence is different from the one set forth

4     in the plea agreement.

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  The court will also consider a presentence

8     report prepared by the probation department in advance of your

9     sentencing.  Before you are sentenced, you and the government

10    will have an opportunity to challenge the facts reported by the

11    probation officer.

12         Do you understand that there is no parole in the

13    federal system?

14         THE DEFENDANT:  Yes.

15         THE COURT:  That means that if you are sentenced to

16    prison, you will not be released on parole.

17         Before I go on, I am going to ask either counsel if

18    there is any provision of the plea agreement that they would

19    like me to go over with Mr. Feagins.

20         MS. VOGEL:  Not from the government.  Thank you.

21         MS. COHEN:  No, your Honor.

22         THE COURT:  Mr. Feagins, aside from what is in the

23    plea agreement itself, have any promises been made to you to

24    influence you to plead guilty?

25         THE DEFENDANT:  No.

MC88FEAP

| 1 | THE COURT:  Have any promises been made to you |

1      THE COURT:  Have any promises been made to you

2  concerning the actual sentence you will receive?

3      THE DEFENDANT:  No.

4      THE COURT:  Now that you have been advised of the

5  charge against you, the possible penalties you face, and the

6  rights you are giving up, is it still your intention to plead

7  guilty to Count One of the information?

8      THE DEFENDANT:  Yes.

9      THE COURT:  Is your plea voluntary and made of your

10  own free will?

11      THE DEFENDANT:  Yes.

12      THE COURT:  Mr. Feagins, with respect to Count One,

13  how do you plead, guilty or not guilty?

14      THE DEFENDANT:  Guilty.

15      THE COURT:  Can you tell me in your own words what you

16  did that makes you guilty of that crime?

17      THE DEFENDANT:  I possessed illegal child pornography

18  on my phone between November 2017 to October 2020.

19      THE COURT:  I just want to ask you a few questions,

20  Mr. Feagins.

21      The statement you read from, did your attorney help

22  you prepare it?

23      THE DEFENDANT:  Yes.

24      THE COURT:  Do you adopt those words as your own?

25      THE DEFENDANT:  Yes.

MC88FEAP

1          THE COURT:  Is everything you said true?

2          THE DEFENDANT:  Yes.

3          THE COURT:  I just want to confirm that I heard you

4    correctly.  You had indicated that you possessed the child

5    pornography images on your phone?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And you knew at the time that you

8    possessed them that it was unlawful to possess those images?

9          THE DEFENDANT:  Yes.

10         THE COURT:  I am going to ask the government if you

11   believe that there is a sufficient factual predicate for a

12   guilty plea.

13         MS. VOGEL:  Yes, your Honor.  I can also just proffer

14   some brief information.

15         The defendant, at least at times, possessed these

16   phones with child pornography while located in the Bronx.

17         In addition, the cell phones were manufactured outside

18   of New York State, which under the law satisfies the interstate

19   commerce requirement.

20         And in addition, the defendant was previously

21   convicted of a criminal sexual act in the second degree, a

22   class D felony, under New York law, in New York supreme court,

23   in Kings County.

24         THE COURT:  Does the government represent that it has

25   sufficient evidence to establish guilt beyond a reasonable

MC88FEAP

1    doubt at trial?

2          MS. VOGEL:  Yes, your Honor.  I can summarize what the

3    evidence is, if you would like.

4          THE COURT:  Please.

5          MS. VOGEL:  The evidence at trial would include law

6    enforcement testimony regarding both the seizures of the phones

7    as well as expert testimony from a computer forensic expert

8    regarding what was found on the phones, the child pornography

9    images themselves that were recovered from the cell phones, the

10   defendant's post-arrest statement, as well as certified court

11   records of the defendant's prior conviction.

12         THE COURT:  Thank you.

13         Mr. Feagins, on the basis of your responses to my

14   questions and my observations of your demeanor, I find that you

15   are competent to enter a guilty plea.  I am satisfied that you

16   understand your rights, including your right to have your case

17   considered by a grand jury, and your right to go to trial, that

18   you are aware of the consequences of your plea, including the

19   sentence that may be imposed, that you are voluntarily pleading

20   guilty, and that you have admitted that you are guilty as

21   charged in Count One of the information.  For these reasons, I

22   will recommend that Judge Carter accept your plea.

23         Ms. Vogel, I assume that the government will order a

24   copy of the transcript and submit it to Judge Carter.

25         MS. VOGEL:  Yes, your Honor.  And Judge Carter has

MC88FEAP

1    scheduled sentencing for March 9 at 2 p.m.

2            THE COURT:  I will direct that the presentence report

3    be prepared.

4            Ms. Vogel, can you deliver the case summary for

5    purposes of the presentence report within 14 days?

6            MS. VOGEL:  Yes.

7            THE COURT:  Ms. Cohen, will you be available to be

8    interviewed by the probation department with Mr. Feagins within

9    14 days?

10           MS. COHEN:  Yes.  It will likely be

11   Mr. Margulis-Ohnuma who will be present with him.

12           THE COURT:  Is there anything further from either

13   side?

14           MS. VOGEL:  Not from the government.  Thank you.

15           MS. COHEN:  No, your Honor.  Thank you.

16           THE COURT:  Thank you so much.

17           Thank you, Mr. Feagins.

18           (Adjourned)

19

20

21

22

23

24

25