# Exhibit A

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. Darnell Feagins | Conviction Date: | 12/08/2022 |
| Docket#: | 20-CR-218 | Request Date: | 12/13/2022 |
| AprilBlonde (April) | | | |

### Guidance for Use of Victim Impact Statement

Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes. Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights. The complaint process is more fully described at 28 C.F.R. 45.10.

Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1. When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings. Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.
2. Victims may withdraw or revise their statement. Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
    a) Once obtained, the statement should only be used in connection with the individual defendant being sentenced. Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.
3. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available. If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
    c) Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.
4. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. Darnell Feagins | Conviction Date: | 12/08/2022 |
| Docket#: | 20-CR-218 | Request Date: | 12/13/2022 |
| AprilBlonde (April) | | | |

### 'AprilBlond' Victim Impact Statement/November 2020

Being a teenager is hard no matter what. But because I had to live with a messed up person who abused me and put my abuse on the internet, my life will always be more challenging. I want to be a normal teenager and it makes me feel angry and violated that I can't.

I have to feel afraid to have a social media profile picture of myself due to fears of being recognized. I am afraid that pedophiles who look at the images of my abuse could try to find me and hurt me or my family. As a victim, it is my right to be notified each time an image of my abuse is viewed. My mom received 22,000 notifications and I had to stop the notifications because it made me have panic attacks. It also makes me feel weird, uncomfortable, anxious, and sad. It's hard to imagine 22,000 people have seen or shared images of my abuse. It makes me sick to think about how many people there are in the world who don't care they are supporting child abuse.

It is difficult to trust people because I wonder if they have seen the images of my child abuse and are a pedophile. I get nervous when a person looks at me too long or just more than a passing glance. I wonder if they are putting together who I am from an image they saw on the internet. I feel scared, anxious, and angry I could be abused again if a person recognizes me who saw the images of my abuse. I have had to go to therapy to learn to talk about what happened. I might have to continue going for the rest of my life because the images will always be there. It's hard to trust people and when I'm older and want to get married it might be hard to feel close to someone. I hope to have children when I'm an adult. I know I will be very over protective, paranoid, and struggle to let them be independent because I fear they will be abused. Instead of those years happy, they could be really hard for me and I might have to get help to deal with those feelings.

As a child I didn't have a choice what happened to me. Now, I have to suffer twice; the first time was being abused and the second time is the ongoing anxiety due to the images of my abuse forever accessible. It's impossible to cope with and accept that I have to live with the images of my abuse being available on the internet indefinitely. These images will live on the internet longer than I will live. It's very possible I could have to go to therapy for the rest of my life because of this. If the feelings get too bad, I could have to take medication to help.

I can't get support from my close friends and family about my feelings because I'm paranoid and anxious that if I tell them, they will go to the internet and try to find and look at the images. It feels like nobody knows how I feel. A coping skill is supposed to make a person feel better. It's hard to feel better about knowing I can't do anything about the images of my abuse being put on the internet and people using those images.