# Exhibit C

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. Darnell Feagins | Conviction Date: | 12/08/2022 |
| Docket#: Jan_Socks1 | 20-CR-218 | Request Date: | 12/13/2022 |

## Guidance for Use of Victim Impact Statement

Title 18, United States Code, Section 3771(a) provides certain rights to victims of federal crimes.  Those rights include the right to be reasonably protected from the accused, the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, and the right to be treated with fairness and with respect for the victim's dignity and privacy.

If a U.S. Department of Justice employee fails to respect a victim's rights, a process is available by which the victim may file an administrative complaint. The Attorney General must take and 'investigate complaints relating to the provision or violation of the rights of a crime victim' and discipline may be imposed upon the employee for a 'willful or wanton' failure to protect a victim's rights.  The complaint process is more fully described at 28 C.F.R. 45.10.

Title 18, United States Code, Section 3509(d) provides additional protections for crime victims who are under the age of 18 at the time of the proceeding, and includes specific procedures to protect the child's privacy.

To comply with the provisions of 18 U.S.C. § 3771(a)(1), (4), and (8), prosecutors should follow these guidelines when obtaining and using victim impact statements in child pornography cases:

1. When providing this statement, the victim only consented to its use at sentencing, probation, or parole proceedings.  Therefore, in order to respect the terms of the victim's consent, this statement should not be used for any other type of proceeding.
2. Victims may withdraw or revise their statement.  Therefore, prosecutors should obtain the statement as close as possible to the sentencing date for each individual defendant, in order to best ensure that the most up-to-date statement is used at that sentencing.
    a) Once obtained, the statement should only be used in connection with the individual defendant being sentenced.  Rather than re-using statements in subsequent sentencings, a victim impact statement should be obtained separately for each and every individual defendant being sentenced.
3. The following measures will help protect the victim's safety, privacy, and dignity as provided in Section 3771(a)(1) and (8) and, if applicable, Section 3509(d):
    a) The content of this statement should only be disclosed to the Court, the Probation Office, the defendant, and his counsel. The victim's personal or identifying information should be redacted from the statement.
    b) Providing the statement to the Probation Office for inclusion in the pre-sentence report best protects the victim's privacy as those documents are not publicly available.  If the statement is filed with the court by letter or as part of a sentencing memorandum, it should be filed under seal.
    c) Prosecutors should avoid, where possible, referring to identifying information about the victim in open court.
    d) The statement should be stored in a secure manner and location, and properly destroyed once the case is completed.
4. When requesting a statement on behalf of a state or local prosecutor, prosecutors should either:
    a) obtain a representation from the state or local prosecutor that there are comparable laws or procedures in the state or local jurisdiction that provide for the protection of a victim's safety, privacy, and dignity; or
    b) obtain a representation from the state or local prosecutor that they agree to abide by these guidelines and the provisions in 18 U.S.C. § 3771(a)(1) and (8) (which provide that victims should be treated fairly and with respect for their safety, privacy, and dignity), and, in cases where the victims are still minors, 18 U.S.C. § 3509(d) (which provides certain privacy protections).
    c) Only victim impact statements that are marked "federal, military, state, and local cases" can be provided to state and local prosecutors. If a statement is marked "federal and military cases only" it means that the victim has not provided consent for the statement to be used in any other type of criminal proceeding.

Case Name: U.S. v. Darnell Feagins          Conviction Date: 12/08/2022

Docket#: 20-CR-218                          Request Date: 12/13/2022
Jan_Socks1

## VICTIM IMPACT STATEMENT OF PARENTS OF SIERRA

Dear Judge

Sierra, our adopted daughter, is a teenage girl and a victim of sex exploitation by child pornography. She is still discovering all the ways that the exploitation she suffers daily is hurting her. It has set her life on the wrong course and destroyed her normal childhood, teenage years, and early adulthood that everyone deserves.

There is so much of the early physical abuse she does not remember, but much of it she does, and knowing that the pictures of it are out there on the internet keeps it alive for her every day. She has practiced putting the terrible memories away in her mind, but no therapy can prevent her demonic way of thinking. She is on an emotional roller coaster ride of temper tantrums, like kicking or hitting walls, people –especially her little sister—and the appliances in our home. I realize that she is caught up in thinking about her past and the ongoing threat of the pictures circulating around the internet. Every day of her life she is in constant fear that someone will see those pictures and recognize her and that she will be humiliated all over again. We see in her eyes that it hurts for her to know that someone is looking at them---at her--- when she was just a little girl being abused for the camera.

We realize that she can never distinguish between what happened to her and what is in those images.

She did not choose to be there, neither did her sisters and brothers, but now they are there forever in pictures that people are using to do sick things. She wants it erased. She wants it all stopped. But she is so powerless to stop it just like she was when she was powerless as a little girl to stop what was done to her.

When we discovered what she went through with the original abuse she was already in individual therapy, and we went to therapy with her and thought she would someday, someway, somehow get over this with a lot of love and hugs, but we were very wrong. The therapy will only help her cope but she will not really become a normal young woman.

After the honeymoon stage of our adoption she has made family life miserable on so many days and her feelings are so robust now that she has gotten older that they become her reality. The pictures of the past are cemented in her mind. They are so authentic that she will hide under beds and tables with layers of clothing.

It is hard to describe what it feels like to know that at any moment, anywhere, anyplace someone is looking at those pictures of her as she walks on her way to school or to the park. As a father, I worry about my two girls, Sierra and her sister

| | | | |
|---|---|---|---|
| Case Name: | U.S. v. Darnell Feagins | Conviction Date: | 12/08/2022 |
| Docket#: | 20-CR-218 | Request Date: | 12/13/2022 |
| Jan_Socks1 | | | |

Sally. I tell them and teach them not to talk or trade conversations with strangers. I am afraid of someone picking them up and abusing them all over again.

Sierra finds herself unable to do the simple things that other teenagers handle easily, like earning privileges and planning for future events. She does not have a driver's license, she would probably be considered an "at risk" driver, especially given the outbursts that she can have at any time.

She has stated that her mind skips out on her when she thinks about moving forward in her life. Forgetting is the thing she does best since she has been forced to live a double life and forget what has happened to her that is portrayed on the images on the internet.

She has triggers and sometimes things set her off and we don't even realize it until it is too late. Sometimes now she has flashbacks and sometimes we can feel her heart racing and she will start sweating and she will get "stuck" in a situation or thought process and not leave it for days or weeks arguing and whining about the littlest thing.

 We would hate for her to fail classes in college and we are particularly concerned about things like anatomy or psychology. It is possible that she will not be able to endure the social atmosphere of college because of the many unknown people around her and her fear about others looking on the internet for her pictures.

We are afraid for our whole family because we live in a medium size town and feel that if one person finds out about her past everyone will know. We are just living in fear of the day someone sees those awful pictures of her and then "the secret" about her will be out. It is like the life of our whole family is on hold for that day and we are frozen in time. We know those disgusting pictures of her are stuck in time and are there forever for everyone to see.

Trust is a very hard thing for her and she is very confused about what love is. She had a boyfriend before and really liked him but he did not like her so much. When he told her to stay away from him she couldn't handle it and ran away from home. She has a real trouble staying in her space and place and she tries to control what's happening to her through our family. She is not getting any better at this. It makes it difficult in her relationship with friends and especially family. She has tried to jump out of a third story window of our home and we had to place her in a behavioral center for five days. She has kicked holes in the wall and dented a brand new refrigerator with her foot and she has had a restraining order entered against her. She has been ordered to do community service and has served time in jail. Our church is praying for her.

She is harming herself by biting herself on the arm and by picking at the wounds she has become infected. She says she will be scared for life. She goes to a place in her

Case Name:     U.S. v. Darnell Feagins          Conviction Date:    12/08/2022

Docket#:       20-CR-218                        Request Date:       12/13/2022
Jan_Socks1

mind causing her behavior become defiant and it is like a severe thunderstorm which takes a toll on the whole family.

We want her to get married and have children and a family someday but it frightens us terribly to think about how she could keep children safe and have a healthy relationship with a partner. She is being exploited and used every day and every night somewhere in the world by someone. This leads to her dysfunctional social and family behaviors and we wonder if it will ever end. How can she get over this when the shameful abuse she suffered is out there forever and being enjoyed by sick people.

She is (and we are) horrified by the thought that other children will probably be abused because of her pictures. Will someone show her pictures to other kids, like her abuser did to her, and then tell them what to do? Will they see her and think its okay for them to do the same thing? Will some sick person see her picture and then get the idea to do the same thing to another little girl. These thoughts make us very sad and scared.

She blames herself and thinks that she should have stopped it all, and if she had there wouldn't be so many pictures out there. She is scared she will be abused or hurt again. She presents disruptive behaviors in our home which she seems unable to control. We want the court to know about her and what we have suffered as a family and what goes on and on for her and for us. It will never go away.

Please think about Sierra and the life she is forced to lead because of those who download her pictures and videos. Please know that she will never be free because of what they do.

_[signature]_                            30 AVG 16

FATHER OF SIERRA                         Date

_[signature]_                            30 Aug 16

MOTHER OF SIERRA                         Date